BLACK *vs.* PETERS.

The county court of Rockdale county being governed by the same law in respect to appeals as justice courts, an appeal therein must be entered within four days from the decision. It is not sufficient that it be within four days from the adjournment of the court at which the decision was rendered.

Appeals. County Courts. Before Judge SPEER. Rockdale Superior Court. August Term, 1879.

Reported in the decision.

A. A. ZACHRY; A. M. HELMS, for plaintiff in error.

A. C. McCALLA, for defendant.

JACKSON, Justice.

This was a suit for the recovery of the price of a fertilizer, brought in the county court of Rockdale by the defendant in error against the plaintiff in error. In the county court the judgment was for the defendant in that suit, who is the plaintiff in error here, and an appeal was taken to the superior court. When the case was there called, a motion was made to dismiss the appeal because not taken within four days from the rendition of the judgment in the county court though within four days of the adjournment of that court; and the court overruling the motion to dismiss, the case was tried and a verdict was rendered for the plaintiff for the price of the fertilizer. A motion was made for a new trial on various grounds, and among them the overruling the motion to dismiss the appeal. Should it have been dismissed?

The county court of Rockdale county is a local court, created specially for that county by statute and dependent for its powers and the rights of suitors therein upon the statute creating it.

That statute declares "said party may enter an appeal

from such judgment within four days *under the same rules and regulations now governing in appeals from justice courts of this state.*" Acts of 1874, section 6, p. 75.

The Code, section 4157 declares: "either party being dissatisfied with the judgment of the justice of the peace or notary public, and upon all confessions of judgment, provided the amount claimed in said suit is over fifty dol lars may, as a matter of right, enter an appeal from said judgment, within four days (exclusive of Sundays) *after the rendition of said judgment,*" etc.

The local law creating the county court of Rockdale, having put that court in respect to appeals therefrom on the same footing as justice courts as constituted in 1874 when the local law was passed, any party to a case tried therein who wished to appeal was bound to do so, as in the justice courts, within four days from the rendition of the judgment, and not from the adjournment of the court. The local act contemplated that said county court should be held and have jurisdiction as a sort of county justice court. It could be held at any time and place for the trial of any one case, and the defendant was notified by summons to be there then, and it does not seem to have been constituted a court to sit at stated places and times. See 4th section of the act, acts of 1874, p. 74. Its jurisdiction was to be the same as justices of the peace, except that its powers ran all over the county. Sec. 111. And the intention of the legislature was that appeals therefrom should be within four days from the day the court adjourned, so far as that case was concerned, that is, from the day final judgment therein was rendered. Therefore we are of the opinion that the court erred in not dismissing the appeal, and inasmuch as this point controls and disposes of the case, it is unnecessary to consider other points made in the record.

Judgment reversed.