## ANSLEY *v.* BARLOW.

Appeals from a county court to the superior court may be entered at any time within four days after the adjournment of the court in which the judgment is rendered.

Argued October 19, — Decided November 27, 1897.

Appeal. Before Judge Littlejohn. Sumter superior court. May term, 1897.

From a judgment of the quarterly term of Sumter county court, rendered November 18, 1895, an appeal to the superior court was entered on November 28, 1895, which was within four days from the adjournment of the county court. On motion the superior court dismissed the appeal, on the ground that it was not filed within four days from the rendition of judgment in the county court. Appellant excepted.

*G. S. Cobb* and *E. C. Speer*, for plaintiff.
*Allen Fort* and *L. J. Blalock*, for defendant.

Cobb, J. The single question involved in this case is: In what time must an appeal from a county court organized under the general law, to the superior court, be entered? Civil Code, § 4214, provides that "If either party is dissatisfied with the judgment of the county judge, and the principal sum claimed, or damages claimed, exceeds fifty dollars, said party may enter an appeal from such judgment within four days, under the same rules and regulations as are provided for appeals in this code." The rules and regulations referred to in this section, so far as the time in which an appeal shall be entered is concerned, are to be found embodied in section 4455 of the Civil Code, which declares that "Appeals to the superior court must be entered within four days after the adjournment of the court in which the judgment was rendered." It seems to be clear, therefore, from the section quoted, that an appeal of the character referred to may be entered at any time within four days after the adjournment of the court in which the judgment was entered. There is nothing in the case of *Black* v. *Peters*, 64 *Ga.* 628, which conflicts with this ruling. In that case the time for entering appeals was fixed by a special law organizing the county court of Rockdale county, in which it was declared that an appeal should be entered "under the same rules and regulations now governing in appeals from justice courts of this State." The law then of force in regard to appeals from justices' courts will be found embraced in section 4138 of the Civil Code, in which it is expressly declared that such appeals must be entered within four days after the rendition of the judgment. The appeal in this case having been entered within four days from the adjournment of the court in which the judgment was rendered, it was error to dismiss the same on the ground that it was not filed in time.

*Judgment reversed. All the Justices concurring.*