## WOOD *v.* McCRARY.

</div>

An appeal from the judgment of a justice to the superior court must be entered within four days (exclusive of Sundays) from the time of the rendition of the judgment.

<div align="center">

Argued March 24, — Decided April 22, 1899.

</div>

Appeal.   Before Judge Henry.   Floyd superior court.   October 22, 1897.

*Henry Walker*, for plaintiff in error.
*Lumpkin & Printup* and *J. W. Ewing*, contra.

SIMMONS, C. J.    Plaintiff in error entered an appeal from the
judgment of a justice of the peace to the superior court, five
days, exclusive of Sundays, after the rendition of the judgment,
which was for an amount greater than fifty dollars.    Upon the
call of the case in the superior court, the appeal was dismissed
on the ground that it had not been entered within time.    Ex-
ception was taken.    Whether or not the judgment dismissing
the appeal was correct depends upon the construction of two
sections of the code.    Section 4138 of the Civil Code is as fol-
lows: "Either party being dissatisfied with the judgment of
the justice of the peace or notary public, and upon all confes-
sions of judgment, provided the amount claimed in said suit
is over fifty dollars, may, as a matter of right, enter an appeal
from said judgment, within four days (exclusive of Sundays) af-
ter the rendition of such judgment, under the same rules, regula-
tions, restrictions, and liabilities as are provided on the subject
of appeals."    Section 4455 of the Civil Code is as follows: "Ap-
peals to the superior court must be entered within four days
after the adjournment of the court in which the judgment was
rendered."    The plaintiff in error insists that his case is con-
trolled by the latter section.    In order to determine which
section controls appeals from the judgments of a justice of the
peace to the superior court, it is necessary to go to some ex-
tent into the history of the two sections and into the subject of
appeals generally.    Section 4455 is codified from the judiciary
act of 1799, which allowed appeals in the superior court from
a petit jury to a special jury, and appeals from the inferior to
the superior court.    Appeals under that act could be taken four
days after the adjournment of the court rendering the judgment.
There was no provision in that act for appeals to the superior
court from a justice's court.    As far as we can ascertain, there
was no appeal from the judgment of a justice of the peace to a
jury, in either the justice's court or the superior court, until the
act of 1811 which allowed an appeal from the judgment of a
justice to a jury in the justice's court.    The constitution of 1868
abolished this right of appeal from the judgment of a justice
of the peace to a jury in the justice's court, but gave the right
of appeal from the judgment of a justice of the peace to a.

jury in the superior court where the amount involved was over fifty dollars. Under the constitution of 1877, the General Assembly left this provision unchanged, but in addition gave the right to appeal from the judgment of a justice of the peace to a jury in the justice's court in all civil cases. Hence, in cases involving less than fifty dollars there is a right of appeal to a jury in the justice's court, and in those involving more than fifty dollars there is a right of appeal to a jury in either the justice's court or the superior court. The time within which the appeal must be taken from the judgment of a justice of the peace to the superior court has never been changed. The act of 1868 is still in force, and that act expressly provides that the appeal must be entered within four days from the rendition of the judgment. So it would seem that we have two systems of appeal: section 4138 et seq., applying only to judgments rendered by a justice of the peace; and section 4455, applying to other inferior judicatories. It is clear, therefore, that section 4455 does not apply to appeals from judgments in a justice's court, and that section 4138 does so apply. An appeal from the judgment of a justice of the peace must, therefore, be entered within four days from the date of the rendition of the judgment appealed from, and the court did not err in dismissing the appeal in the present case. *Black* v. *Peters*, 64 *Ga.* 628.

> Judgment affirmed. All the Justices concurring.