### MARY MARGRETTA MAGUIRE'S CASE.

Androscoggin.    Opinion November 1, 1921.

*Workmen's Compensation Act. Chap. 50, Sec. 34, of the R. S., provides that the county in which the injury occurs alone has jurisdiction of the cause, and all papers should be filed in such county. An appeal from a decree of a Justice of the Supreme Judicial Court confirming the finding of the Commission, if the papers in the case were filed in some county other than the one where the injury occurred, is not properly perfected and the Law Court is therefore without jurisdiction.*

Claim under the Workmen's Compensation Act. The accident occurred in the County of Kennebec. The evidence was taken out before the Industrial Accident Commission in the County of Androscoggin as a matter of convenience. Copies of the decision with all other papers in connection therewith were filed by the defendant with the Clerk of Courts for Androscoggin County. From a decree of a Justice of the Supreme Judicial Court confirming the finding of the commission an appeal was taken by the defendant to the Law Court.

*Held:*

1.  That under R. S., Chap. 50, Sec. 34, Kennebec County, "the County in which the injury occurred" alone had jurisdiction of the cause, and the papers should have been filed in that county instead of in Androscoggin County.

2.  That the appeal was not properly perfected and the Law Court is therefore without jurisdiction.

On appeal by defendant. The question involved in this case is as to whether in cases coming under the Workmen's Compensation Act all papers in the cause should be filed in the county where the injury occurs and not filed with the clerk of courts of any other county. In this case the injury occurred in the County of Kennebec. Copies of

the decision of the commission, with all papers in connection therewith, were filed by the defendant with the Clerk of Courts of Androscoggin County. A Justice of the Supreme Judicial Court thereupon signed a decree confirming the finding of the commission and an appeal was taken therefrom by the defendant to the Law Court. Appeal dismissed with costs for claimant.

Case fully stated in the opinion.

*George C. Webber*, for Mary Margretta Maguire.

*D. J. McGillicuddy*, for Sarah R. Maguire.

*Robert Payson*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, DEASY, JJ.

CORNISH, C. J. R. S., Chap. 50, Sec. 34, regulates appeals from the decisions of the Industrial Accident Commission under the Workmen's Compensation Act in these words: "Any party in interest may present copies certified by the Clerk of said Commission, of any order or decision of the Commission or of its Chairman or of any memorandum of agreements approved by the Commissioner, together with all papers in connection therewith, to the Clerk of Courts for the County in which the injury occurred; whereupon any Justice of the Supreme Judicial Court shall render a decree in accordance therewith and notify all parties. Such decree shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit in equity duly heard and determined by said Court, except there shall be no appeal therefrom upon questions of fact found by said Commission or its Chairman or when the decree is based upon a memorandum of agreement approved by the Commissioner. Upon any appeal therefrom the proceedings shall be the same as in appeals in equity procedure and the Law Court may, after consideration, reverse or modify any decree made by a Justice based upon an erroneous ruling or finding of law."

In the instant case the injury occurred in the town of Monmouth in the County of Kennebec. Copies of the decision of the Commission, with all other papers in connection therewith, were filed by the defendant with the Clerk of Courts, not of Kennebec but of Androscoggin County. A Justice of the Supreme Judicial Court thereupon signed a decree confirming the finding of the commission and an appeal was taken therefrom by the defendant to the Law

Court. Without considering the merits of the case the preliminary question is raised whether the appeal was so taken and perfected as to give this court jurisdiction, it being lodged in a county other than that in which the injury occurred.

The tribunal known as the Industrial Accident Commission, and all proceedings thereunder, are purely creatures of the statute. No jurisdiction is conferred except as the statute confers it. Therefore, the statutory requirements must be strictly complied with. Under the statute, Kennebec County alone had jurisdiction. The precise and unambiguous language of the Act permits no other conclusion.

The respondent, however, raises several contentions rather in the nature of a plea in confession and avoidance. In the first place it claims that the petitioner requested that the hearing before the Commissioner be had at Lewiston in the County of Androscoggin, and therefore all further proceedings should be had in that County. The record shows that the hearing was had and the evidence taken out in Androscoggin County, but was permitted under Chap. 50, Sec. 33, which provides "that all hearings shall be held in the town where the accident occurred unless the claimant shall in writing request that it be held in some other place." Written request by the claimant was made in this case and the request was granted. But that had no connection with and no effect upon the appeal. It had only to do with the place for taking out the testimony in the original hearing, which is a matter of mere convenience for the claimant. It might happen that testimony need be taken out in several different counties if the witnesses were scattered. Would jurisdiction be given to all such counties thereby? Clearly not.

Again the respondent contends that general jurisdiction was given to the court in equity and not to the court in any particular county, and that therefore only the question of proper venue is involved. This is not in accordance with the statutory provision. General jurisdiction is not given to the equity court. Our court sitting in equity does not have general jurisdiction over these appeals. It has only such jurisdiction, restricted as to place and procedure, as the statute specifies. The decree of the sitting Justice affirming the finding of the commission is a mere ministerial act. He hears and considers no testimony, and no arguments. He makes no decision but perfunctorily signs a decree in order to give progress to the appeal and place it in a channel for final determination by the Law Court.

Nor does the Law Court possess in such appeals such powers as it possesses in ordinary equity appeals. It must accept the findings of the Commission on disputed questions of fact as binding. In short the appeal merely takes on the same procedure as is followed in equity cases, but it does not become thereby a cause in equity. It retains its original essence.

Therein lies the distinction between this case and the authorities cited by the defendant. In those cases the court had full and complete jurisdiction of the cause and the only question was one of proper venue. Thus in *Backus* v. *Cheney*, 80 Maine, 17, it was held that the Supreme Judicial Court sitting as the Supreme Court of Probate had the same power to order a change of venue, in a probate appeal, as is possessed in ordinary common law actions.

In *Cassidy* v. *Holbrook*, 81 Maine, 589, it was held that if a plea in abatement to a common law action of replevin on the ground that it was brought in the wrong county is bad in form, the defendant cannot plead over. The case was in the right court but the wrong county.

The case of *U. S. Fidelity and Guaranty Co.*,        Tex. Civ. App., , (1920), 219 S. W., 222, strongly relied on by the defendant is not applicable. The statutory proceedings on appeal in Workmen's Compensation cases in that State are entirely unlike the proceedings here. There the dissatisfied party, after notice, brings suit in some court of competent jurisdiction in the county where the injury occurred, and the majority of the court held that this gave full jurisdiction to that court, and if the suit were brought in the wrong county, then it was a mere question of venue and the court under another statute was authorized to transfer the action to the proper county. Even to that decision, which does not militate against our position here, there was strong and rather convincing dissent based upon the legal principle that when a court of general jurisdiction has power conferred upon it by statute which it did not otherwise possess, it is in that respect to be treated as a special tribunal. *Calverly* v. *Shank*, 28 Tex. Civ. App., 473; 67 S. W., 435; 7 R. C. L., 1032.

We must recur then to the clear provisions of the statute under consideration and conclude that the appeal was not properly perfected, and that this court is without jurisdiction.

*Appeal dismissed with costs.*