(No. 14686.—Judgment affirmed.)

RUDOLPH OELSNER, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GORDON A. RAMSAY, Admr. Defendant in Error.)

*Opinion filed October 21, 1922—Rehearing denied Dec. 8, 1922.*

1. WORKMEN'S COMPENSATION—*when arbitrator's finding becomes decision of Industrial Commission.* The Industrial Commission has no jurisdiction to review the arbitrator's finding in case of failure to file the stenographic report within the time required by statute, and in such case the decision of the arbitrator becomes the decision of the commission by operation of statute, and entry of an order by the commission that the award stand as the commission's decision is mere surplusage.

2. SAME—*when circuit court cannot review proceedings before arbitrator.* Although under the Compensation act of 1917 the circuit court may review the record of the proceeding before the arbitrator if no application is made for review before the Industrial Commission, yet a party who petitions for a review before the commission but fails to file the stenographic report in the required time is not entitled to have the circuit or superior court review the proceedings before the arbitrator but is entitled only to a review of the decision of the commission that it had no jurisdiction.

3. SAME—*purpose of provisions limiting time for obtaining review.* The purpose of the provisions of the Compensation act limiting the time in which petitions for review can be completed is to prevent delay in the administration of the law and to provide a summary remedy.

4. STATUTES—*when rule for liberal construction of statutes providing for review is not applicable.* The rule that statutes providing for review should receive a liberal construction to the end that a review may be had, applies only where the statute is ambiguous and not where the party is at fault in failing to comply with its plain provisions.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, and HIRSCH E. SOBLE, of counsel,) for plaintiff in error.

DANIEL L. MADDEN, and JAMES V. CUNNINGHAM, (GEORGE A. SCHNEIDER, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, as administrator of the estate of Theodore Charles Lange, deceased, filed an application for adjustment of claim with the Industrial Commission on October 25, 1918, for compensation for the death of Lange, due to injuries arising out of his employment by the plaintiff in error. The arbitrator gave an award in the sum of $7.50 per week for 416 weeks. The arbitrator's decision was filed with the commission on January 20, 1919, and notice of the decision was sent by the commission, as required by statute, to the plaintiff in error, who received the same on February 8, 1919. He filed his petition for review with the Industrial Commission on February 12 following, and on March 4 filed the authenticated stenographic report of the proceedings before the arbitrator. The administrator filed a motion with the commission to dismiss plaintiff in error's petition for review on the ground that the stenographic report was not filed within the time fixed by statute. On April 9 the commission entered the following order in the case: "It is therefore ordered and determined by the commission that the petition for review herein be and the same is hereby dismissed and the award of the arbitrator ordered to stand as and for the decision of this commission." On April 28 the plaintiff in error filed a *præcipe* for *certiorari* in the superior court of Cook county for a review of the decision of the commission. That court, on February 24, 1922, entered the following order: "It is therefore ordered, adjudged, considered and decreed by the court that the decision of the Industrial Commission of the State of Illinois entered by said commission on the 9th day

of April, A. D. 1919, sustaining the award of the arbitrator entered on the 20th day of January, A. D. 1919, be and the same is hereby in all respects confirmed."

The question is presented at the outset of the case ·whether the superior court on writ of *certiorari* had power to review the proceedings had before the arbitrator, or whether the failure of plaintiff in error to file a correct copy of the stenographic report of the proceedings before the arbitrator in the time required by law precludes such review by the superior court.

Paragraph (*b*) of section 19 of the law as it existed in 1917 requires that the decision of the arbitrator be filed with the board, "and unless" a petition for review is filed within fifteen days after receipt of the copy of the decision of the arbitrator by the party seeking review, "and unless" the party petitioning for review shall within twenty days after the receipt of the copy of the arbitrator's decision file with the board either an agreed statement of facts or a correct stenographic report of the proceedings before the arbitrator, "then the decision shall become the decision of the Industrial Board." It cannot be doubted that the Industrial Commission, in case of failure to file a stenographic report within the time required by statute, has no jurisdiction to review the arbitrator's finding but the same becomes the decision of the Industrial Commission. This is true by operation of law and not by action or finding of the commission. The twenty days in which the plaintiff in error could have filed the stenographic report expired on March 1. Thereafter the decision of the arbitrator was the decision of the commission. While the commission recites in its decision of April 9 that the award of the arbitrator stand as the decision of the commission, such award had by operation of the statute become the decision of the commission more than a month prior to the entry of that order, and the order of the commission in that respect was mere surplusage. Plaintiff in error did not sue out a writ of *cer-*

*tiorari* until April 28, or fifty-nine days after the award became final.

Plaintiff in error's position is that by the Compensation act as amended in 1917, under which this proceeding was had, he had a right to go before the commission for review and also the right to sue out a writ of *certiorari* for review of the arbitrator's award without asking for review by the commission, and that by the statute he was given twenty days from receipt of notice of the order of the commission in which to file a petition for *certiorari* to review the decision of the arbitrator. Without discussing his right where no review by the commission is asked, it is sufficient to say that he did pursue his remedy before the commission. He filed his petition for review with that body within the time prescribed by statute and filed a stenographic report, not, however, within the time required by statute in order to give jurisdiction to the commission to review the arbitrator's award. On motion of defendant in error a finding of the commission was had on plaintiff in error's petition for review, and he sued out the writ of *certiorari,* as the record shows, to review that decision.

Paragraph (*f*) of section 19 provides that the decision of the Industrial Board on review, and the decision of the arbitrator or committee of arbitration where no review is had, shall, in the absence of fraud, be conclusive unless reviewed "as in this paragraph hereinafter provided." That paragraph further provides for review in the circuit court by *certiorari* or in chancery, and that such review "shall be commenced within twenty days of receipt of notice of decision of the board." While under the act of 1917 the circuit court had jurisdiction to review the record of the proceedings before the arbitrator where the decision of the arbitrator had become the decision of the commission because no application was made for review before the commission, (*Jakub* v. *Industrial Com.* 288 Ill. 87,) such is not the condition of the record here. Plaintiff in error pursued

305—11

his remedy before the commission as far as he could go, and within twenty days after its decision sued out a writ of *certiorari* to review the same. The review sought in the superior court was therefore a review of the decision of the commission dismissing the plaintiff in error's petition for review of the arbitrator's award.

Plaintiff in error contends, however, that notwithstanding his failure to file the stenographic report within the twenty days required by statute he may secure a review of the proceedings before the arbitrator by suing out a writ of *certiorari* within twenty days after the decision of the Industrial Commission, and that since that body on April 9 found that the decision of the arbitrator should be the decision of the commission, the review of the proceedings before the arbitrator was properly before the superior court. In this case the decision of the commission was that it had no jurisdiction to review the proceedings before the arbitrator because of the failure to file the stenographic report as required by the statute. In this the commission was right, (*People* v. *Andrus,* 299 Ill. 50; *Pocahontas Mining Co.* v. *Industrial Com.* 301 id. 462;) and unless under the condition of this record the superior court had by *certiorari* a greater right of review than the commission, plaintiff in error's right of review is entirely foreclosed. We are of the opinion that the statute as amended in 1917 conferred no greater jurisdiction on the courts to review the arbitrator's award where no review before the commission is sought than it did on the commission. The limitation of twenty days in which the stenographic report was to be filed was a condition of the review of such proceedings, whether by commission or by court. This works no hardship, for if no review is sought before the commission there appears to be no reason why a review by the court should not be subject to the same limitation as to time. The commission not having authority to review the record such

authority did not exist in the superior court, and that court was right in quashing the writ.

The plaintiff in error contends that the statute should be so construed as to give a review of the arbitrator's award in this case notwithstanding his failure to comply with the provisions as to filing the stenographic report. The rule undoubtedly is that statutes providing for review should receive a liberal construction to the end that a review might be had. That rule, however, applies where the statute is ambiguous and not where the party is at fault in failing to comply with the plain provisions of the statute. Moreover, if it be the law, as contended by the plaintiff in error, that where, as here, a review of the decision of the arbitrator is sought by *certiorari* after an attempt to have a review thereof by the commission the statute fixes no time for the filing of the stenographic report, then a party dissatisfied with the decision of the arbitrator might, by filing his petition and a stenographic report at any time and securing the decision of the commission thereon, have a review of the proceedings before the arbitrator by suing out a writ of *certiorari* within twenty days after the decision of the commission that it had no jurisdiction. Such could not have been the intention of the legislature. The purpose of limiting the time in which petitions for review can be completed was to prevent delay in the administration of the law and to provide a summary remedy. In this case the plaintiff in error was entitled to a review of the decision of the commission which was rendered on his petition for review by that body. If the court held that the commission was right the case was ended. The commission was right and the superior court was right in so holding. This disposes of the case here.

The judgment of the superior court will therefore be affirmed.