(No. 15416.—Reversed and remanded.)

THOMAS GREGORY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(NICK DASH, Defendant in Error.)

*Opinion filed December 19, 1923.*

1. WORKMEN'S COMPENSATION—*when objection that the stenographic report was not filed in time is waived.* If the petition for review or the agreed statement of facts or stenographic report is not filed within the time fixed by the statute the Industrial Commission is without authority to review the proceedings of the arbitrator; but the commission has jurisdiction of the subject matter, and when the petition for review is filed it acquires jurisdiction of the particular case, and a party who appears before the commission and without objection participates in the hearing waives the right to thereafter object in the circuit court or Supreme Court to the commission's jurisdiction upon the ground that the stenographic report was not filed in time.

2. SAME—*review by Industrial Commission is an exercise of original jurisdiction.* The review of an arbitrator's decision by the Industrial Commission is not merely a review of the record made by the arbitrator but the parties may introduce further evidence, and the jurisdiction exercised by the commission to review the evidence taken before the arbitrator and to consider it in connection with further evidence taken is original jurisdiction.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LEE W. CARRIER, Judge, presiding.

A. A. PANTELIS, for plaintiff in error.

PATRICK T. HARRINGTON, (GEORGE A. SCHNEIDER, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On February 28, 1921, Nick Dash filed with the Industrial Commission an application for compensation for injuries alleged to have been accidentally incurred by him arising out of and in the course of his employment by Thomas Gregory on November 22, 1920. The application was heard by an arbitrator, who made an award of com-

pensation on March 19, 1921, a copy of which was received by Gregory on April 6, 1921. Gregory filed a petition for review with the commission on April 20, and the commission on that date extended the time for filing a stenographic report or agreed statement of facts thirty days. A like order was made on May 8 and June 7. The abstract does not show the date when the stenographic report was filed, but several notices of hearing before the commission were given, and on January 26, 1922, there was a final hearing of the cause, both parties appearing by their attorneys, introducing evidence and participating in the hearing without any objection to the jurisdiction of the commission. On February 8, 1922, an award was made by the commission of compensation in the aggregate amount of $690. Thereupon Gregory sued out a writ of *certiorari* from the circuit court of Cook county, and upon the return of the record the court made an order finding that the Industrial Commission was without jurisdiction to hear or determine the cause for the reason that no transcript of the testimony or agreed statement of facts was filed within the period allowed by statute at the time of the entry of the award, and ordering that the writ of *certiorari* be quashed and that the decision of the arbitrator be confirmed and stand as the decision of the Industrial Commission. A writ of error was allowed, and the finding of the court that the Industrial Commission was without jurisdiction is assigned for error.

The statute (paragraph (*b*) of section 19 of the Workmen's Compensation act) provides that the decision of the arbitrator shall be filed with the Industrial Commission, and unless a petition for review is filed by either party within fifteen days after the receipt by said party of the copy of the decision and notification of the time it was filed, and unless such party petitioning for a review shall within twenty days after the receipt by him of the copy of the decision file with the commission either an agreed statement of the facts appearing upon the hearing before the arbi-

trator, or, if such party shall so elect, a stenographic report
of the proceedings on such hearing, then the decision shall
become the decision of the Industrial Commission, provided
that the commission may, for sufficient cause shown, grant
further time, not exceeding thirty days, in which to petition
for such review or to file such agreed statement or steno-
graphic report.   In case of a failure to file the petition for
review or to file the agreed statement of facts or steno-
graphic report within the time fixed by the statute the com-
mission is without authority to review the proceedings, and
upon objection made by the opposite party will refuse to
do so and will dismiss the petition for review if one has
been filed, as was done in the case of *Oelsner* v. *Industrial
Com.* 305 Ill. 158.   The objection, however, is one which
may be waived, and if the parties appear and proceed to a
hearing without any objection that the petition or steno-
graphic report or agreed statement of facts was not filed
in time, such action will be regarded as a waiver of the
objection and the Industrial Commission may proceed with
its review of the proceedings and make such order as the
law authorizes.

By the amendment of 1921, paragraph (*e*) of section 19
provided that if a reporter does not for any reason furnish
a transcript of the proceedings before the arbitrator for
use on a hearing for review before the Industrial Commis-
sion within thirty days of the filing of the petition for
review, the Industrial Commission may, in its discretion,
order a trial *de novo* before the Industrial Commission in
such case upon application of either party.   The review of
an arbitrator's decision by the commission is not merely a
review of the record made by the arbitrator, but the par-
ties to the cause may introduce further evidence to be con-
sidered along with the evidence taken before the arbitrator,
and the jurisdiction exercised by the commission to review
the evidence taken before the arbitrator and to consider in
connection with it any properly presented further evidence

is original jurisdiction. The Industrial Commission has jurisdiction of the subject matter. It gets jurisdiction of the particular case by the filing of the petition for review, and a party who appears before the commission and without objection participates in the hearing waives all right to object in the circuit court or Supreme Court to the commission's jurisdiction on the ground that the stenographic report on the hearing before the arbitrator was not filed in time. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462; *Paradise Coal Co.* v. *Industrial Com.* id. 504; *Taylor Coal Co.* v. *Industrial Com.* id. 381; *New Staunton Coal Co.* v. *Industrial Com.* 304 id. 613.) The time when the stenographic report of the evidence before the arbitrator was filed with the commission does not appear by the abstract. The evidence taken before the arbitrator, however, is all set out in the abstract in the return to the writ of *certiorari* after the notice of a hearing on March 18, 1921. The finding of the circuit court is that no transcript of record or agreed statement of facts was filed with the Industrial Commission until March 29, 1922. This evidently refers to the stenographic report of the proceedings had on review, which the abstract of the record shows was filed in the office of the Industrial Commission on March 29, 1922. The stenographic report of the hearing before the arbitrator appears at an earlier stage in the proceedings but the abstract does not show the date of its filing. On the whole record it is clear that at some time or other the stenographic report of the proceedings before the arbitrator was filed with the commission, that the defendant in error by his attorney appeared and participated in all the proceedings without making any motion to dismiss them or suggesting any objection to the jurisdiction of the court. He therefore waived all such objections, and the circuit court erred in finding that the commission was without jurisdiction to hear and determine the cause.

The judgment will be reversed and the cause will be remanded to the circuit court, with directions to proceed to a hearing of the cause upon its merits.

*Reversed and remanded, with directions.*