GUSTAF OLSON'S (dependent's) CASE.

Worcester.    January 2, 1924. — February 25, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* Dependence; Procedure: decree. *Parent and Child. Illegitimacy. Words,* "Dependent."

An illegitimate child of a male employee of a subscriber under the workmen's compensation act, who lived with her mother entirely apart from the employee, is not a "child" of the employee within the meaning of that word as used in G. L. c. 152, § 32, nor a member of his family, and is not entitled to compensation by reason of his death under the terms of the statute, although she was supported by the employee and was dependent upon him.

Upon the hearing of an appeal in this court from a decree of the Superior Court dismissing a claim certified to it from the Industrial Accident Board under the provisions of the workmen's compensation act, the insurer for the first time suggested that the copies of the decision of the Industrial Accident Board submitted to the Superior Court were not certified as required by the statute; and this court *stated* that, while, if such certification were defective, the Superior Court had no jurisdiction to enter the decree appealed from, that fact not being certain, and the defect being one which could readily have been remedied had attention been called to it, they felt justified in assuming that the certification proceedings were regular and in dealing with the appeal.

A decree of the Superior Court upon a certification of a decision of the Industrial Accident Board, merely ordering "that the claimant . . ., not being a member of the employee's family, nor his next of kin, is not a dependent within the meaning of the act," is bad in form. In this case, the decree being found to be proper in substance, this court *ordered* that the decree be amended by adding that the claim be dismissed; and that as so amended the decree be affirmed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a finding and decision

by the Industrial Accident Board dismissing a claim of Helen Olson, illegitimate child of Gustaf Olson, who received injuries resulting in his death while in the employ of Rockwood Sprinkler Company of Massachusetts in Worcester.

In the Superior Court, the case was heard by *Thayer*, J. Material facts are stated in the opinion. By order of the judge, a decree was entered merely '' that the claimant Helen Olson, not being a member of the employee's family, nor his next of kin, is not a dependent within the meaning of the act.'' The claimant appealed.

The case was submitted on briefs.

*C. H. L. Bock*, for the claimant.

*T. H. Calhoun & E. J. Sullivan*, for the insurer.

WAIT, J. This is an appeal by a claimant under the workmen's compensation act.

The board member found that the employee's death resulted from a personal injury received in the course of and arising out of his employment; that, as was admitted, the claimant was the employee's illegitimate child; that the claimant was dependent on the employee and actually was being supported by him; and that at the time of the injury, she was not living with the employee, but was living with her mother apart from him. The board member dismissed the claim for compensation on the ground that the claimant was not a member of the employee's family.

After a claim of review, the Industrial Accident Board affirmed and adopted the findings and rulings of the board member.

The insurer requested the following rulings:

'' 1. That the claimant has not sustained the burden of proving that the death of the employee arose out of and in the course of his employment.

'' 2. That upon all the evidence the causal connection between the death of the employee and his employment is a matter of speculation and conjecture.

'' 3. That the claimant not being a member of the employee's family, nor his next of kin, is not a dependent within the meaning of the act.''

Numbers 1 and 2 were refused. Number 3 was given.

The first two rulings are not open on this appeal. The third ruling was correct.

It is settled by *Gritta's Case*, 236 Mass. 204, that an illegitimate child does not come within the meaning of the words " child " or " children " as used in G. L. c. 152, § 32, although an illegitimate child may, in fact, be a " dependent" within the statute, if a member of the family of the employee and dependent in whole or in part on his earnings. An illegitimate child is not next of kin to the father.

The claimant lived with her mother entirely apart from the employee, although supported by him. She was not a member of the employee's family. *Cowden's Case*, 225 Mass. 66. *Mahoney's Case*, 228 Mass. 555. See *Broadbent's Case*, 240 Mass. 449, 452.

It was suggested, for the first time, in this court, that the copies of the decision of the reviewing board submitted to the Superior Court were not certified as required by the statute. G. L. c. 152, § 11. If true, the Superior Court had no jurisdiction to enter the decree appealed from. *Sciola's Case*, 236 Mass. 407, 412. We are not certain with regard to the fact. Had attention been called to this defect, if indeed the defect existed, it could readily have been remedied. We feel justified in assuming that the proceedings were regular and in dealing with the appeal.

The decree of the Superior Court does not in terms dismiss the claim. It should be amended by adding: " and her claim is dismissed." As so amended, the entry must be

*Decree affirmed.*