20751. United States Casualty Company *et al. v.* Smith.

Bell, J.  1. "The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted." *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613 (2), 618 (123 S. E. 897).

2. Under sections 58 and 59 of the workmen's compensation act (Ga. L. 1920, p. 167, Park's Code Supp. 1922, § 3154 (a) et seq., Michie's Code, § 3154(1) et seq.), any party at interest who is dissatisfied with an award made by a sole commissioner may obtain a review of the same by the full commission, upon making application therefor within seven days from the date of the notice of such award; but the full commission has no jurisdiction or authority to review such award under § 58 where the application is not filed within the prescribed period. *Wood* v. *McCrary,* 107 *Ga.* 345 (33 S. E. 395) ; *Crawford* v. *Goodwin,* 128 *Ga.* 134 (57 S. E. 240) ; Carrs Fork Coal Co. *v.* Scott, 204 Ky. 656 (265 S. W. 19) ; Kalucki *v.* American Car Co., 200 Mich. 604 (166 N. W. 1011) ; Verda Harlan Coal Co. *v.* Harlan National Bank, 229 Ky. 565 (17 S. W. (2d) 718) ; Woldberg *v.* Industrial Commission (Utah), 279 Pac. 609; Milby-Dow Coal Mining Co. *v.* Industrial Commission, 133 Okla. 90 (271 Pac. 237) ; May *v.* Ocean Accident &c. Cor. (Tex. Civ. App.), (6 S. W. (2d) 803) ; Demitro *v.* State Ind. Acc. Com., 110 Or. 110 (223 Pac. 238) ; Oelsner *v.* Industrial Commission, 305 Ill. 158 (137 N. E. 116) ; Sciola's case, 236 Mass. 407 (128 N. E. 666) ; Maguire's case, 120 Me. 398 (115 Atl. 176) ; Olson's case, 247 Mass. 570 (142 N. E. 808).

(*a*) The above ruling assumes that the award purports to be final and not provisional or conditional only. *Lumbermen's Mutual Casualty Co.* v. *Lattimore,* 165 *Ga.* 501 (141 S. E. 195) ; Galway *v.* Doody Steel Erecting Co., 103 Conn. 431 (130 Atl. 705, 44 A. L. R. 693).

3. An award made by a sole commissioner under section 45, conferring authority upon the commission to modify any prior award or settlement "on the ground of a change in condition," is, for the purpose of review by the full commission, to be treated as any other award by a sole com-

missioner, and to obtain such review the application therefor must be made within the prescribed period of seven days. *Globe Indemnity Co. v. Lankford,* 35 *Ga. App.* 599 (134 S. E. 357) ; *Davis* v. *Ætna Life Ins. Co.,* 41 *Ga. App.* 113 (151 S. E. 812); *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 80) ; s. c. 162 *Ga.* 130 (133 S. E. 851).

4. Where an award was made by one of the commissioners, under section 45, but no application for a review thereof was filed within seven days, an application thereafter made would not confer jurisdiction upon the full commission to review such award, over objection of the opposite party; and even if such belated application might be considered by the full commission as an inducement to review, upon its own motion, the original award sought to be modified, such intervening award of the sole commissioner would operate as res judicata as to all questions determined therein and should govern the full commission in its final judgment, in the absence of evidence of a change in condition occurring subsequently to such award by the sole commissioner. *Gravitt* v. *Georgia Casualty Co.,* supra; *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (supra).

5. According to the record in the instant case the industrial commission made an award of compensation on December 22, 1923. On October 18, 1926, upon application of the employer and insurance carrier the commission reexamined the case and found that the employee had undergone a change in condition and that he had "received all of the compensation to which he is entitled." This award was not reviewed or appealed from. Upon application of the employee a further hearing was had on July 27, 1929, when one of the commissioners found and adjudged that no change in condition had occurred since the last previous award. An application for a review was made to the full commission on August 5, which was more than seven days after notice of the award therein complained of. In overruling a motion duly filed by the employer and the insurance carrier to dismiss this application and to refuse a review, the full commission conceded that the application was not made in time, but ruled that it had the power to reexamine the case upon its own motion, under section 45, and proceeded to hear evidence and to consider the same in connection with the evidence upon which the sole commissioner had predicated the award for the review of which application had been made. *Held:* The awards of October 18, 1926, and July 27, 1929, were each and both binding and conclusive upon the questions of fact therein considered and passed upon, and there being before the full commission no evidence of any change in condition whatsoever after either of these dates, the commission erred in reestablishing compensation, contrary to such preceding adjudications. The superior court should have sustained the appeal.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 18, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Swift Tyler, Joseph B. Lewis, Thomas E. Scott,* contra.