Pauline C. BOWEN, administratrix of the Estate of Alphonso J. Harris,

v.

NEW YORK CENTRAL RAILROAD COMPANY and Boston and Albany Railroad.

Civ. A. No. 58-987.

United States District Court
D. Massachusetts.

Dec. 9, 1959.

Joseph P. Coughlin, Cambridge, Mass., Gesmer & Geller, Boston, Mass., for plaintiff.

Richard J. Ferriter, Boston, Mass., Frank W. Crocker, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover for the death of Alphonso J. Harris. The complaint sets forth that the action is brought by the personal representative of Harris for the benefit of his surviving widow. The motions before the court at this time have been brought by the mother of four children alleged to be the illegitimate children of Harris. She seeks to intervene in their behalf and to amend the complaint to add them as beneficiaries.

The sole question raised is whether illegitimate children are within the meaning of the statute persons for whose benefit an action may be brought by the personal representative.[1] The act provides in similar language in 45 U.S. C.A. §§ 51 and 59 for actions "for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and if none, then of the next of kin dependent upon such employee * * *." Since the Federal Employers' Liability Act provides the exclusive remedy for beneficiaries in the case of the negligent injury or death of an employee working in furtherance of the interstate business of a railroad, New York Central R. Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045, these children cannot recover unless they fall within the class of beneficiaries designated in the statute. It is the contention of the intervening petitioner that the word "children" as used in the statute should be interpreted so as to include illegitimate children.

The word "children" and the other terms used in the act to designate the various classes of beneficiaries were not defined in the act, and the determination of who is or is not included within the meaning of these terms must be sought in the applicable state law, in the present case the law of Massachusetts. Poff v.

1. The parties did not argue the question of whether these motions are the proper ones, from a procedural standpoint, for asserting the claims of these children.

Pennsylvania R. Co., 327 U.S. 399, 401, 66 S.Ct. 603, 90 L.Ed. 749; Seaboard Air Line Ry. v. Kenney, 240 U.S. 489, 493, 494, 36 S.Ct. 458, 60 L.Ed. 762.

In Seaboard Air Line suit was brought for the benefit of next of kin, who were illegitimate children of the mother of the deceased. The court stated in discussing who were included in the term "next of kin" as used in the FELA at page 493 of 240 U.S., at page 460 of 36 S.Ct.:

> "But, as speaking generally, under our dual system of government, who are next of kin is determined by the legislation of the various States to whose authority that subject is normally committed, it would seem to be clear that the absence of a definition in the act of Congress plainly indicates the purpose of Congress to leave the determination of that question to the state law."

At common law in Massachusetts the words "child" and "children" have been held to refer only to a legitimate child or children. Town of Plymouth v. Hey, 285 Mass. 357, 359, 189 N.E. 100; Sanford v. Marsh, 180 Mass. 210, 62 N.E. 268. The same meaning has been given to these words in their statutory usage, especially in the Massachusetts workmen's compensation act. Olson's Case, 247 Mass. 570, 142 N.E. 808; Broadbent's Case, 240 Mass. 449, 452, 134 N.E. 632; Gritta's Case, 236 Mass. 204, 127 N.E. 889, 890. In the latter case illegitimate children were found to qualify for benefits, not because they were "children" within the meaning of the statute, but because they were found to fall within the class of "members of the [deceased] employee's family," M.G.L.A. c. 152, § 1, a class of beneficiaries found in the Massachusetts statute but not in the Federal Employers' Liability Act.

In the absence of any subsequent marriage between the decedent and the mother of these children, their status as illegitimate children is not changed by any acknowledgment or adjudication of paternity. Mass.G.L. Ch. 190, § 7; Irving v. Ford, 183 Mass. 448, 67 N.E. 366, 65 L.R.A. 177.

It is similarly clear that under Massachusetts law illegitimate children are not included within the class of "next of kin." Olson's Case, 247 Mass. 570, 142 N.E. 808, 809.

The conclusion must be that the illegitimate children on whose behalf these petitions are brought are not beneficiaries of the decedent entitled under the statute to the benefits of any recovery in the instant action.

The motions to intervene and to amend the complaint are denied.