(No. 55484.—

PPG INDUSTRIES, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ronald L. Griffith, Appellee).

*Opinion filed June 18, 1982.*

Hull, Campbell, Robinson & Gibson, of Decatur (Jon D. Robinson, of counsel), for appellant.

Scheele, Serkland & Boyle, Ltd., of Chicago (James C. Serkland, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

PPG Industries, Inc. (PPG), appeals an order of the circuit court of Macon County which confirmed the decision of the Industrial Commission dismissing its review as untimely filed.

The facts, which are not in dispute, indicate that the claimant, Ronald Griffith, filed an application for adjustment of a claim alleging that he suffered certain injuries during the course of his employment as a laborer at PPG. The arbitrator issued his original decision on July 20, 1979. He concluded, *inter alia*, that the claimant suffered an industrial injury and was entitled to receive $198.80 per week for 17 weeks as compensation for temporary total incapacity. The decision was filed with the Commission on July 25, 1979. PPG concedes that it received the decision on July 30 and alleges that on the same day it mailed a petition for review to the Commission.

On August 3, the Commission sent a letter to the parties, indicating that the arbitrator was recalling his original decision due to a clerical error. The corrected decision, issued on August 7, and filed with the Commission on Au-

gust 8, provided that the claimant was entitled to compensation for temporary total incapacity for a period of 26²/₇ weeks instead of the 17 weeks originally ordered. PPG states that it returned its copy of the original decision as requested and received the corrected decision on August 16, 1979. It did not file a new petition for review with the Commission or amend its original petition subsequent to the issuance of the corrected decision.

After oral arguments, the Commission dismissed PPG's appeal as "premature and not in accordance with the statute." The arbitrator's corrected decision was affirmed by the Commission. PPG then filed a petition for a writ of *certiorari* in the circuit court, and the claimant filed a special and limited appearance contesting the court's jurisdiction. The court confirmed the Commission's decision, ruling that it was "not contrary to the facts or law." PPG appeals directly to this court pursuant to Supreme Court Rule 302(a) (73 Ill. 2d R. 302(a)).

The sole issue presented concerns the propriety of the Commission dismissing PPG's review on the grounds that it was not filed in accordance with the applicable statute.

Section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f)) provides:

"The decision of the Commission acting within its powers *** shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. *Where such correction is made the time for appeal or review*

*herein specified shall begin to run from the date of the receipt of the corrected award or decision."* (Emphasis added.)

PPG initially contends that the arbitrator's corrected decision is "void" because it was not "issued" within 15 days from submission of the original decision. This contention is without merit. It has been held that "[s]ection 19(f) *** [is] consistent with accepted procedural practice only if [it is] interpreted to provide (1) that the arbitrator, the Commission or either party must submit any motion to correct clerical or computational errors within 15 days after the receipt of the arbitrator's findings ***." (*International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 188.) The 15-day limitation applies to the time an original opinion must be *recalled* and not to the time in which the corrected decision must be "issued." Here, PPG received the arbitrator's original findings on July 30. It was informed by the Commission's letter dated August 3 that the decision was recalled. This was well within the 15-day period allowed under the section.

PPG argues that, even if the arbitrator's corrected decision is valid, the section should not be construed so as to deprive it of review on the merits before the Commission where a petition was timely filed following the original decision of the arbitrator. This court has held "that the right to review the decision of the arbitrator by the Industrial Commission is entirely statutory and the party desiring the review must follow the statute strictly." (*Cooke v. Industrial Com.* (1930), 340 Ill. 309, 312, citing *Benton Coal Mining Co. v. Industrial Com.* (1926), 321 Ill. 208; *Gould Construction Co. v. Industrial Com.* (1924), 311 Ill. 472; *Gregory v. Industrial Com.* (1923), 310 Ill. 409; *Oelsner v. Industrial Com.* (1922), 305 Ill. 158; *cf. Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 277 (parties seeking review of the Commission's decision

must comply with all the statutory conditions).) The emphasized portion of section 19(f), quoted above, applies to recalled decisions of the arbitrator or Commission. We construe the provision to mean that a party seeking review must file a petition within the times specified *after* receipt of the corrected decision.

Parties that adhere to the prescribed review procedures will not be deprived of a hearing on the merits. They are accorded specified periods to file a petition from the date of receipt of the corrected decision. (Ill. Rev. Stat. 1977, ch. 48, pars. 138.19(b), (f).) In an appropriate case, depending upon the circumstances, it may only be necessary to amend a petition for review filed prior to the issuance of a corrected decision.

Further, we believe that the decision in *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, although not directly in point, supports our interpretation of section 19(f). There the employer filed a motion with the Commission, pursuant to the section, requesting a correction in the Commission's original decision. While the petition was still pending, the employer filed a petition for a writ of *certiorari* in the circuit court. The Commission subsequently entered an order denying the petition, after which the employer failed to file another petition for a writ of *certiorari*. It was held that the claimant's motion to dismiss the action, on the ground that the court lacked jurisdiction, should have been granted. In so holding, the court stated "that, upon the timely submission of [a motion to correct errors], the arbitrator or the Commission shall retain exclusive jurisdiction over the cause until said motion is finally resolved; and *** that any petition for a writ of *certiorari* filed prior to the resolution of a motion to correct such errors is premature, in that it is based on a decision which is not final and appealable." (71 Ill. 2d 180, 188; see also *Wilson-Raymond Constructors Co. v. Industrial Com.*

(1980), 79 Ill. 2d 45, 56 (same principle by implication); *Zbilski v. Industrial Com.* (1971), 48 Ill. 2d 131, 134.) While *International Harvester* involved an appeal from the Commission's decision, consistency requires the same result in a review of the arbitrator's decision, since section 19(f) does not distinguish between procedures provided for review of an arbitrator's award or for appeal of a decision of the Commission.

PPG places great emphasis on the dissenting opinions in *International Harvester.* It should be noted that the primary facts relied upon in the dissents are not present in the instant case. In *International Harvester,* the petition to correct an error was denied. Therefore, the original decision from which the employer appealed was not altered, and the dissents believed that the sentence in section 19(f), providing for appeals of corrected awards, was not applicable. In the instant case, the arbitrator's decision was corrected, and the relevancy of section 19(f) is even more clear under this circumstance.

Further, the employer in *International Harvester* requested that the Commission correct its decision to reflect that $3,576 had been paid to the claimant through a non-occupational group insurance plan. The dissents concluded that this request for a credit was not a clerical or computational error within the meaning of section 19(f). In the instant case, the arbitrator corrected the number of weeks upon which the rate of compensation payable was determined. This is clearly an error in computation to which section 19(f) applies.

For the reasons stated, we hold that PPG's petition for review to the Commission was premature and thus did not conform to the applicable statutory requirement. Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*