(No. 56568.— )

CARMEN F. GARCIA, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.* (Del Monte Corporation, Appellee).

*Opinion filed April 22, 1983.*

Theodore J. Craig, of Rochelle, for appellant.

Fearer & Nye, of Rochelle (James G. Ahlberg, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

Carmen F. Garcia filed a claim under the Workmen's Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries that she alleged were sustained in a fall on October 2, 1978, while upon her employer's premises. On April 24, 1980, an arbitrator filed his decision denying an award. On April 28, 1980, the claimant filed a petition for review of the arbitrator's decision with the Industrial Commission. On May 1, 1980, the arbitrator recalled his decision and issued a corrected decision which eliminated an inconsistency, not relevant here, which appeared in his earlier decision and which also denied the employee's claim for an award. Neither the claimant nor the employer filed a petition for review of the corrected decision with the Commission. The Commission ruled that it was without jurisdiction to review the arbitrator's corrected decision and that, by operation of section 19(b) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b)), the corrected decision had become the final decision of the Commission. The circuit court of De Kalb County confirmed the action of the Industrial Commission, and the claimant brought a direct appeal to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

Section 19(f) of the Act, in part, provides:

"[T]he Arbitrator *** may on his *** own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator *** and shall have the power to recall the original award on arbitration *** and issue in lieu thereof such corrected award or decision. Where such correction is made the time for *** review herein specified shall begin to run from the date of

the receipt of the corrected award or decision." (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f).)

The arbitrator issued a corrected decision within 15 days of his original decision on April 24, 1980. As provided by section 19(f), the claimant had 15 days from receipt of the corrected decision within which to contest the denial of her claim. Since neither she nor her employer filed a petition for review of the corrected decision, it became the decision of the Commission without review and is "conclusive" of the dispute between the parties, as the Act provides. (See Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b).) The claimant's petition for review of the original decision was without effect because the issuance of the corrected decision made the original decision a nullity.

The claimant acknowledges that her omission in failing to petition for review of the corrected decision bars review by the Industrial Commission. She contends, however, that the circuit court and this court as well should review the merits of her claim. We must disagree. As stated, under section 19(b), the arbitrator's corrected decision became the decision of the Commission and is conclusive of the dispute. The corrected decision is "conclusive" because only proceedings to review final orders of the Industrial Commission may be considered by the courts. (*International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 187.) Since the Industrial Commission was without jurisdiction to review the corrected decision, the circuit court, and likewise this court (see 73 Ill. 2d R. 302(a)(2)), lack jurisdiction. *Sweitzer v. Industrial Com.* (1946), 394 Ill. 141; *City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99.

Our recent decision in *PPG Industries, Inc. v. Industrial Com.* (1982), 91 Ill. 2d 438, is relevant. In *PPG Industries*, which involved a similar situation, except that it was the employer that sought review of the arbitrator's decision, we held that the petition for review filed regarding the arbitrator's original decision could not serve as a petition to review the corrected decision. Consequently, we af-

firm the circuit court's judgment confirming the Commission's adoption of the corrected decision. See also *Simpson v. Industrial Com.* (1982), 91 Ill. 2d 452.

For the reasons given, the judgment of the circuit court of De Kalb County confirming the action of the Industrial Commission is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

I do not agree that the minor change that was made in the arbitrator's decision in this case was sufficient to render Ms. Garcia's petition for review in the Industrial Commission ineffective. I would reverse the circuit court judgment and remand the cause to the Industrial Commission for normal review proceedings.

Neither case law nor common sense compels the result reached by the majority. Section 19(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b)) gives petitioners 15 days from the time of receipt of an arbitrator's decision to appeal that decision to the Industrial Commission, and section 19(f) (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)) permits an arbitrator "on his *** own motion, or on the motion of either party, [to] correct any clerical error or errors in computation *** and *** *recall the original award* on arbitration *** and issue in lieu thereof [a] *corrected award* or decision" (emphasis added), such correction beginning anew the 15-day period for appeal. The statute speaks of recalling the decision or award and substituting something different in its place, or of considering a request by one of the parties that such an alteration be made. Implicit in that is the idea that the change that is made or argued for be a material one, going to the substance of the award or decision or at least to the rationale behind it. The cases cited by the majority are consistent with this narrow interpretation of section 19(f) and do not support the result reached here. In *PPG Industries, Inc. v. Industrial Com.* (1982), 91 Ill. 2d 438, the arbitra-

tor enlarged the period for which temporary total disability benefits were being awarded from 17 weeks to 26 2/7 weeks. In *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, the petition for *certiorari* was filed while the employer's request for correction of the amount of the award was still under consideration by the Industrial Commission.

In this case there was no request by either party that the arbitrator correct his decision, and the correction that was made had nothing to do with the amount or substance of the award or with the arbitrator's reasons for denying benefits. The arbitrator's decision as corrected read:

"*CORRECTED* NOTICE OF DECISION AND DECISION OF ARBITRATOR

Take notice that on ~~April 24, 1980,~~ *May 1, 1980,* the decision of the Arbitrator set forth below, was filed with the Industrial Commission.

Notice and ~~amended~~ application for adjustment of claim having been filed in the above entitled matter, and Ray Rybacki having been designated by said Commission as Arbitrator thereof and said matter having come on to be heard before said Arbitrator at City Hall in the City of DeKalb, said County and State, on March 10, 1980, and prior thereto, and after hearing the proofs and allegations of the parties hereto, and having made careful inquiry and investigation of said matter and being fully advised in the premises said Arbitrator finds:

That on October 2, 1978, the Respondent Del Monte Company, was operating under and subject to the provisions of the Illinois Workmen's Compensation Act; that on said date the relationship of employee and employer existed between the Petitioner Carmen F. Garcia and said Respondent; that on the date last above mentioned said Petitioner sustained accidental injuries arising out of ~~and in the course of~~ the employment; and that notice of said accident was given said Respondent within the time required under the provisions of said Act.

That the earnings of the Petitioner during the year next preceding the injury were ~~$4,639.96~~ *$4,640.00* and that the average weekly wage was $89.23.

That Petitioner at time of injury was 49 years of age, single and had 7 children under 18 years of age.

That necessary first aid, medical, *surgical* and hospital services have been ~~partially~~ provided *in part* by the Respondent herein.

The Arbitrator further finds from the evidence adduced that said Petitioner failed to prove that the injuries sustained on October 2, 1978, were sustained in the course of her employment by the Respondent herein.

*Said application*, therefore, *is hereby dismissed and* claim for compensation,~~therein~~ is hereby denied.

~~That no compensation has been paid on account of said injury.~~

You are further notified that unless a petition for review is filed with the Industrial Commission within fifteen (15) days after receipt of this decision and a review perfected in accordance with the Workmen's Compensation Act and the Rules of the Industrial Commission, then the decision of the Arbitrator shall be entered as the decision of the Industrial Commission.

DATED and ENTERED this date ~~March 22, 1980.~~ *May 5, 1980.*

Ray Rybacki
ARBITRATOR."

(Deletions from original indicated by strikeouts; additions in italics.)

Aside from such purely technical changes as the altered date of the decision and the insertion of the word "surgical," the only changes that meet the eye are the deletion of the sentence reciting that no workers' compensation benefits had been paid by the employer, the four-cent change in Ms. Garcia's 1978 wage figure, and the deletion of the phrase "in the course of" from the third paragraph so as to remove the inconsistency between that paragraph and the seventh paragraph. The first two alterations effected no change in the substance of the decision that was the subject of the appeal. It did not matter what Ms. Garcia's wages were or what medical or surgical expenses were paid in view of the arbitrator's holding that the acci-

dent was not compensable because it did not arise in the course of the employment. The third change might have served to clarify this holding somewhat, but nobody asked for the correction, presumably because the parties found the arbitrator's rationale to be clear. The decision, both in its original form and as corrected, set forth the finding that the accident did not occur in the course of the employment as the sole reason for denying the claim for compensation. I do not believe either that the arbitrator's reason could have been misunderstood, even under the original wording, or that the essence of the decision which was the subject of Ms. Garcia's petition for review was changed by the correction. That decision, the reason for the decision and the consequences of the decision all remained the same.

While I agree that "[t]he purpose of section 19(f) is to provide the Commission an opportunity to correct its own clerical or computational errors so as to avoid the necessity of having the circuit court review such errors" and reduce the number of issues that will be urged for review in the courts (*International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 186; see *Zbilski v. Industrial Com.* (1971), 48 Ill. 2d 131), I fail to see what purpose is served by forcing the parties to refile their petitions for review where the corrections that are made are as insubstantial and technical as the ones made here. No one asked for the corrections, and I see no evidence that Ms. Garcia either saw any ambiguity in the arbitrator's original decision or sought to challenge that decision as being ambiguous. Proceedings before the Industrial Commission and appeals from decisions of arbitrators should not be cloaked with technicalities as needless as the majority imposes here. The Industrial Commission's refusal to entertain her petition was, in my judgment, in error, and I would remand the cause to the Commission for a hearing.