CHARLES WISCONS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Chicago Park District, Appellee).

First District (Industrial Commission Division)   No. 1—87—3768WC

Opinion filed November 23, 1988.

Williams & Marcus, Ltd., of Chicago (Robert B. Williams, of counsel), for appellant.

Gregory M. O'Brien, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant Charles Wiscons sought workers' compensation benefits following an injury suffered while working for respondent Chicago Park District. An arbitrator awarded benefits for a June 6, 1983, in-

jury, but found no further compensation was due as a result of respondent's credit for a prior back award of 25% loss of the use of the left leg. Neither party filed a timely petition for review with the Industrial Commission (Commission). Subsequently, claimant filed a petition with the Commission asking that the credit to respondent be reversed. The Commission denied claimant's request on the grounds that it did not have jurisdiction, and the circuit court of Cook County confirmed that order. Claimant appeals.

On June 6, 1983, claimant was injured at work. On March 13, 1985, an arbitrator found the accident arose out of and in the course of claimant's employment with respondent and that he was permanently disabled to the extent of 10%. The arbitrator found further that respondent was entitled to a credit for a prior back award of 25% loss of use of the left leg, the equivalent of 10% disability to the man as a whole under section 8(d)(2) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.8(d)(2)). Neither claimant nor respondent filed a petition for review with the Commission within the 15-day limit mandated by section 19(b) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b)).

On November 7, 1986, 19 months after the arbitrator's decision became final, claimant filed a petition with the Commission to amend the arbitrator's decision by finding that no credit was due to respondent pursuant to our holding in *Isaacs v. Industrial Comm'n* (1985), 138 Ill. App. 3d 392, 485 N.E.2d 1093. The Commission granted respondent's motion to dismiss the petition on the basis that no timely petition for review had been filed, and the Commission therefore lost jurisdiction over the matter.

■ An arbitrator's decision becomes the decision of the Commission and, in the absence of fraud, is conclusive, unless a petition for review is filed by either party within 15 days after the receipt of the copy of the decision and notification of time when it was filed. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(b).) Absent the filing of a petition for review, the Commission is without jurisdiction to review the arbitrator's decision. (*Garcia v. Industrial Comm'n* (1983), 95 Ill. 2d 467, 448 N.E.2d 879.) Consequently, the trial court and this court are similarly without jurisdiction. (*Garcia v. Industrial Comm'n*, 95 Ill. 2d 467, 448 N.E.2d 879.) We hold that the Commission properly dismissed the 1986 petition on the ground that it lacked jurisdiction due to the failure of claimant to file a petition for review within 15 days after the 1985 decision was entered by the arbitrator.

■ Claimant argues that, if this court finds it has no jurisdiction, he can challenge the credit given respondent in the trial court "by

other methods, such as by a declaratory judgment action." Thus, he urges that for the sake of judicial economy, this court should "consider this action a complaint for declaratory judgment or petition for injunctive relief." We know of no authority to support this attempt to circumvent the jurisdictional provisions of the Workers' Compensation Act.

For the foregoing reasons, the judgment of the circuit court of Cook County, confirming the Industrial Commission's dismissal of the petition for lack of jurisdiction, is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.