RICHARD CAMPBELL-PETERSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Eagle Country Market, Inc., Appellee).

Second District    No. 2—98—0765WC

Opinion filed June 3, 1999.

Richard L. Turner, Jr., of Sycamore, for appellant.

Micaela Cassidy Bashaw, of Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Claimant, Richard Campbell-Peterson, filed a claim pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1996)), seeking compensation for a knee injury he sustained on August 29, 1994, while employed by Eagle Country Market (the employer). Following a September 1996 arbitrator's decision that denied him benefits, claimant filed a petition for review in October

1996 with the Illinois Industrial Commission (the Commission). In January 1997, upon the employer's motion, the arbitrator issued a corrected decision. Claimant did not file a petition for review from this corrected decision.

In December 1997, the Commission determined that claimant failed to perfect his review pursuant to section 19(f) of the Act (820 ILCS 305/19(f) (West 1996)), and it dismissed his claim based upon a lack of jurisdiction.

In May 1998, the circuit court of De Kalb County granted the employer's motion to dismiss claimant's appeal, stating, "it appears this [is a] jurisdictional issue and that the case law makes no provision which would allow for another result."

The record reveals the following procedural history of events. On September 27, 1996, the arbitrator's decision was filed with the Commission. On October 22, 1996, the decision was received by the parties. On October 24, 1996, the employer filed a motion to correct the arbitrator's decision based on a "clerical/computer error" that omitted certain portions of the decision it received from the arbitrator concerning entitlement to temporary total disability benefits. On October 29, 1996, claimant filed with the Commission his petition for review of the arbitrator's decision. Thereafter, the arbitrator granted the employer's motion to correct, and, on January 15, 1997, the Commission issued a notice stating that the arbitrator's September 1996 decision was being recalled because "a printer error was made when copies of the arbitration decision were printed for mailing."

As directed, claimant returned his decision to be corrected. On January 15, 1997, the arbitrator issued a corrected decision, which was received by the employer on January 22, 1997, and by claimant on January 24, 1997. Claimant did not file a petition for review with the Commission from this corrected decision.

The corrections made to the arbitrator's decision received by claimant included the following: on the first page, the word "CORRECTED" was added above the heading "DECISION OF ARBITRATOR"; on the last page, the percentage of interest rate for purposes of an appeal was changed from "5.30%" to "5.11%," the entry date was changed from "September 24, 1996," to "1/15/97," and an additional arbitrator's signature was added.

After learning that his claim was not pending with the Commission, claimant filed a motion for clarification and to reinstate his petition for review and order for transcript. In his motion, claimant alleged that he did not file a petition for review from the arbitrator's corrected decision because (1) the correction made by the Commission was not made within 15 days of the date of the filing of the decision as

required by section 19(f); and (2) a Commission supervisor told him that it was unnecessary to file a petition for review from the corrected decision.

On December 11, 1997, the Commission granted claimant's motion for clarification but denied his request to reinstate his petition. The Commission found that the employer's motion to correct was filed within two days of its receipt of the arbitrator's September 1996 decision and therefore satisfied the 15-day filing/recall provision of section 19(f). Further, the Commission found that its personnel lacked the authority to waive jurisdictional requirements.

The Commission relied upon *Kelly v. Industrial Comm'n*, 203 Ill. App. 3d 626 (1990), and found that, upon the filing of a motion to correct under section 19(f) and for the purpose of preventing any confusion or inconsistency that might create confusion, the Commission retains jurisdiction so that a case may not proceed to review in the circuit court until there is finality in the decision. The Commission further relied upon *McDuffee v. Industrial Comm'n*, 222 Ill. App. 3d 105 (1991), and found that the time of appeal commences when the corrected decision is issued.

The Commission determined that it lacked jurisdiction over claimant's case due to his failure to perfect review following the issuance of the arbitrator's corrected decision, and it dismissed his claim.

Claimant filed a request for summons for review in the circuit court, and the employer filed a motion to dismiss his appeal based on his failure to perfect review with the Commission. On May 20, 1998, the circuit court granted the employer's motion to dismiss based on a lack of its jurisdiction over the matter.

The central issue on appeal concerns whether claimant failed to perfect review with the Commission when he failed to file a petition for review from the arbitrator's corrected decision. Claimant contends that this court should not uphold strict compliance with the "perfecting review" requirements of section 19(f) and should find that the Commission erred in refusing to entertain his petition for review.

When an issue on appeal involves a question of law, the reviewing court is not obligated to defer to the Commission's decision. *Butler Manufacturing Co. v. Industrial Comm'n*, 85 Ill. 2d·213, 216 (1981).

■ Section 19(f) of the Act states in pertinent part:

"[T]he Arbitrator or the Commission may on his or its own motion, or on the motion of either party, *correct any clerical error or errors in computation* within *15 days* after the date of receipt of any award \*\*\* and shall have the power to recall the original award \*\*\* and issue in lieu thereof such corrected award or decision. *Where such correction is made the time for review herein specified*

*shall begin to run from the date of the receipt of the corrected award or decision."* (Emphasis added.) 820 ILCS 305/19(f) (West 1996).

Claimant failed to cite any authority which would allow this court to avoid strict compliance with section 19(f). Instead, he urges that we adopt the position advanced by the dissenting opinions found in *Garcia v. Industrial Comm'n*, 95 Ill. 2d 467 (1983), and *International Harvester v. Industrial Comm'n*, 71 Ill. 2d 180 (1978).

The authoring justices of those dissenting opinions took the position that, where there are no corrections made to a decision or where the corrections made are insubstantial and technical, it would be unfair to deprive a claimant of his substantial right to a review based upon his failure to file an additional petition for review after the issuance of a corrected decision.

Claimant further cites *Menozzi v. Industrial Comm'n*, 96 Ill. 2d 468, 473-74 (1983). In that case, the Commission failed to act upon a petition for correction of a clerical error found in an amended decision. A writ of *certiorari* was filed in the circuit court, the Commission's amended award was confirmed, and no clerical error warranting a remand was found. On appeal, the circuit court's judgment was vacated, and the cause was remanded to the Commission with directions to take action upon the petition for correction.

The *Menozzi* court recognized that the purpose of section 19(f) was to provide a party with the opportunity to request a correction of a substantial error or inconsistency made in a Commission's order and that "[t]o permit review to go forward before the Industrial Commission acts on such a request frustrates this purpose." *Menozzi*, 96 Ill. 2d at 474.

*Menozzi*, however, does not address any issue of strict compliance with section 19(f) in regard to the filing of a petition for review from a corrected decision, and therefore it is of no assistance to us in resolving the issue at hand.

Claimant maintains that the corrections made to the arbitrator's original decision were technical, were not made for the purpose of correcting an error or inconsistency, did not materially affect the rights of the parties, and were made only for the purpose of providing the employer with a "clean copy" of the initial decision. Under these circumstances, claimant submits that strict compliance with the section 19(f) requirement of filing a petition for review from a corrected decision was unnecessary and that no purpose would be frustrated in allowing his initial petition for review to stand. We disagree.

In *Luttrell v. Industrial Comm'n*, 154 Ill. App. 3d 943, 953 (1987), we noted that our supreme court has stated that strict compliance with statutory requirements is necessary to enable a court to acquire subject matter jurisdiction over the Commission's decision.

A different type of noncompliance with section 19(f) was presented in *Luttrell*. In that case, the claimant relied upon a different version of section 19(f) and, as a result, filed a *praecipe* for writs of *certiorari* and *scire facias* with the circuit court, rather than a request for summons. This court held that the circuit court was not deprived of subject matter jurisdiction despite the fact that claimant used outdated forms in an attempt to perfect his review. We reasoned, "[t]he crucial point is that the goal and purpose of the statute was satisfied, *i.e.*, notice to the Industrial Commission and the parties." *Luttrell*, 154 Ill. App. 3d at 954.

In the instant case, the goal and purpose of section 19(f), *i.e.*, notice to the Commission and the parties, was not satisfied, considering that the Commission had not shown claimant's claim as a pending matter.

■ Importantly, claimant acknowledged that two versions of the arbitrator's original decision were issued. When the employer realized that the original arbitrator's decision it received omitted certain portions concerning entitlement to temporary total disability benefits, it had no way of knowing which version of the arbitrator's decision was received by claimant. This inconsistency warranted correction in order to prevent confusion. Therefore, we believe that the clerical error made in issuing the arbitrator's original decision was not merely technical but, instead, was substantial.

The fact that claimant filed a petition for review from the arbitrator's original decision is irrelevant. The language of section 19(f) is clear: where, as here, a correction is made for a clerical error (printer error), the time for review (15 days) begins to run from the date of the receipt of the corrected award or decision. Claimant failed to comply with section 19(f) when he omitted filing a petition for review within 15 days of the arbitrator's January 15, 1997, corrected decision.

In adhering to strict compliance with section 19(f), we conclude that the Commission correctly determined that it lacked jurisdiction over claimant's case due to his failure to perfect review following the issuance of the arbitrator's corrected decision, and its dismissal of claimant's claim was proper.

Based upon the foregoing, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and RARICK, JJ., concur.