DIANE SCHULZ, Plaintiff-Appellee, v. FOREST PRESERVE DISTRICT OF COOK COUNTY, Defendant-Appellant.

First District (Industrial Commission Division)   No. 1—02—2860WC

Opinion filed November 19, 2003.

Robert S. Fritzshall & Associates, of Chicago, for appellant.

Baum, Ruffolo & Marzal, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Diane Schulz, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 through 30 (West 2000)), seeking benefits for injuries she suffered to her back which she alleged arose out of and in the course of her employment with employer, Forest Preserve District of Cook County, on December 30, 1989. Following a hearing, the arbitrator filed a memorandum of decision on June 29, 2001. The arbitrator found

claimant sustained injuries causing "complete disability" and awarded claimant benefits.

On July 26, 2001, employer filed a petition for review of the arbitrator's decision filed June 29, 2001. On July 27, 2001, the arbitrator filed a corrected memorandum of decision. Employer did not file a petition for review of the arbitrator's corrected decision filed July 27, 2001. On April 9, 2002, the Industrial Commission (Commission) entered an order granting claimant's motion to dismiss finding the Commission lacked jurisdiction due to employer's failure to file an additional petition for review after the arbitrator issued a corrected decision. Employer sought judicial review of the Commission's decision in the circuit court of Cook County, which confirmed the Commission's decision.

Employer appeals, arguing that the Commission erred by granting claimant's motion to dismiss. We affirm the order of the circuit court of Cook County confirming the Commission's decision.

Claimant filed an application for adjustment of claim under the Act seeking benefits for injuries she suffered to her back which she alleged arose out of and in the course of her employment with employer on December 30, 1989. Following a hearing, the arbitrator filed a memorandum of decision on June 29, 2001. The arbitrator found claimant sustained injuries causing "complete disability" and awarded claimant benefits. On July 17, 2001, claimant filed a petition to recall stating claimant's name was misspelled in the caption of the case and requesting the error be corrected. In a notice of recall, dated July 27, 2001, and directed to counsel for claimant and counsel for employer, the Commission stated "copies of the above mentioned decision are hereby recalled for the purpose of correcting a clerical error which now exists in said [d]ecision." The Commission directed that copies of the decision be returned and stated "in due course a corrected [d]ecision will be issued." The arbitrator filed a corrected memorandum of decision on July 27, 2001, dated and entered on July 26, 2001. Also on July 26, 2001, employer filed a petition for review of the arbitrator's decision filed June 29, 2001. Employer did not file a petition for review of the arbitrator's corrected decision filed July 27, 2001.

On October 11, 2001, claimant filed a motion to dismiss employer's petition for review of the arbitrator's decision filed June 29, 2001. Claimant stated that employer "has taken no [r]eview of the [c]orrected [d]ecision." The Commission entered an order, dated April 9, 2002, granting claimant's motion to dismiss. The Commission referenced this court's decision in *Campbell-Peterson v. Industrial Comm'n*, 305 Ill. App. 3d 80, 84, 711 N.E.2d 1219, 1221 (1999), finding the Commission lacked jurisdiction over a claimant's case due to his

failure to file a petition for review after the arbitrator issued a corrected decision.

· Employer sought judicial review of the Commission's decision in the circuit court of Cook County, which confirmed the Commission's decision. This appeal followed.

Employer argues that the Commission erred by granting claimant's motion to dismiss. We disagree.

■ Section 19(f) of the Act provides:

"[T]he Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for review herein specified shall begin to run from the date of the receipt of the corrected award or decision." 820 ILCS 305/19 (West 2000).

Section 19(b) of the Act provides that "[u]nless a petition for review is filed by either party within 30 days after the receipt by such party of the copy of the decision and notification of time when filed[,] *** the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive." 820 ILCS 305/19 (West 2000).

■ In the present case, the arbitrator issued a corrected decision on July 27, 2001. Employer did not file a petition for review of the arbitrator's corrected decision filed July 27, 2001. The corrected decision became the decision of the Commission and is "conclusive."

Employer argues it "substantially complied" by filing a petition for review of the arbitrator's decision filed June 29, 2001, and substantial compliance is "sufficient." Employer cites authority that might allow this court to find substantial compliance sufficient under section 19(f)(1) of the Act, but not under section 19(f) of the Act. See *Jones v. Industrial Comm'n*, 188 Ill. 2d 314, 327, 721 N.E.2d 563, 570 (1999) (under section 19(f)(1), claimant satisfied the material provisions of the statute where although proof of payment was provided after filing of request for summons both occurred within the period prescribed by statute); *Burns v. Industrial Comm'n*, 95 Ill. 2d 272, 278, 447 N.E.2d 802, 804 (1983) (Commission awarded benefits for $8^5/7$ weeks and not 85 weeks; typographical error; neither party filed for review of decision. The supreme court stated, "[t]his case represents a waste of judicial resources. It seems incredible that a typographical error could cause such problems. This whole situation could have been

avoided if both parties had been more careful in their reading of the decision in its typed form"); *Chicago Transit Authority v. Industrial Comm'n*, 238 Ill. App. 3d 202, 207, 606 N.E.2d 236, 239-40 (1992) (single request for summons, instead of two requests, substantially complied with the requirements of section 19(f)(1), where no showing of prejudice); *Hallenbeck v. Industrial Comm'n*, 232 Ill. App. 3d 562, 566, 597 N.E.2d 797, 799 (1992) (Commission, on its own motion, corrected error; circuit court ruled that due to fact there was no letter of recall in the record, it lacked subject matter jurisdiction to review corrected decision and the original decision remained in effect; critically, claimant properly and timely sought review of the corrected decision; any error in review process was not claimant's; circuit court did have subject matter jurisdiction); *Chambers v. Industrial Comm'n*, 213 Ill. App. 3d 1, 5, 571 N.E.2d 1001, 1004 (1991) (under section 19(f)(1), claimant's request for summons and for review of Commission's decision was in substantial compliance with requirements even though it did not name employer's attorney of record, absent showing of prejudice).

However, substantial compliance in cases applying section 19(f)(1) does not apply in the instant case. This court has determined that section 19(f) requires strict compliance. See *Campbell-Peterson*, 305 Ill. App. 3d at 84, 711 N.E.2d at 1223. In *Campbell-Peterson*, the arbitrator filed a memorandum of decision on September 27, 1996. On October 24, 1996, the employer filed a motion to correct the arbitrator's decision based on a "clerical/computer error" that omitted certain portions of the decision it received from the arbitrator concerning entitlement to temporary total disability benefits. 305 Ill. App. 3d at 81. On October 29, 1996, the claimant filed with the Commission his petition for review of the arbitrator's decision filed September 27, 1996. Thereafter, the arbitrator granted the employer's motion to correct, and on January 15, 1997, the Commission issued a notice stating that the arbitrator's September 1996 decision was being recalled because "a printer error was made when copies of the arbitration decision were printed for mailing." 305 Ill. App. 3d at 81. On January 15, 1997, the arbitrator issued a corrected decision. The claimant did not file a petition for review with the Commission from this corrected decision.

The Commission determined it lacked jurisdiction over the claimant's case due to his failure to perfect review following the issuance of the arbitrator's corrected decision, and it dismissed his claim. The trial court granted the employer's motion to dismiss based on a lack of its jurisdiction over the matter. The claimant appealed arguing the corrections made to the arbitrator's original decision were techni-

cal, were not made for the purpose of correcting an error or inconsistency, did not materially affect the rights of the parties, and were made only for the purpose of providing the employer with a "clean copy" of the initial decision. Under these circumstances, the claimant suggested strict compliance with the section 19(f) requirement of filing a petition for review from a corrected decision was unnecessary and that no purpose would be frustrated in allowing his initial petition for review to stand. This court disagreed stating: "In adhering to strict compliance with section 19(f), we conclude that the Commission correctly determined that it lacked jurisdiction over claimant's case due to his failure to perfect review following the issuance of the arbitrator's corrected decision, and its dismissal of claimant's claim was proper." *Campbell-Peterson*, 305 Ill. App. 3d at 84, 711 N.E.2d at 1223.

In *Luttrell v. Industrial Comm'n*, 154 Ill. App. 3d 943, 954, 507 N.E.2d 533, 542 (1987), this court reasoned, "[t]he crucial point is that the goal and purpose of the statute was satisfied, *i.e.*, notice to the Industrial Commission and the parties." In the present case, the goal and purpose of section 19(f), *i.e.*, notice to the Commission and the parties, was not satisfied. The fact that employer filed a petition for review of the arbitrator's decision filed June 29, 2001, "which spelled [claimant's] name correctly," is irrelevant. Section 19(f) of the Act provides that the arbitrator may correct any clerical error within 15 days after the date of receipt of any award by the arbitrator, and where such correction is made, the time for review shall begin to run from the date of the receipt of the corrected award. Unless a petition for review is filed by either party within 30 days after the receipt of the "corrected award," the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive. Employer did not comply with the Act. Employer did not file a petition for review within 30 days of the arbitrator's corrected memorandum of decision filed July 27, 2001.

We affirm the order of the circuit court of Cook County confirming the Commission's decision.

Affirmed.

HOFFMAN, CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.