# Illinois Official Reports

## Appellate Court

***Eddards v. Illinois Workers' Compensation Comm'n*, 2017 IL App (3d) 150757WC**

| | |
|---|---|
| Appellate Court Caption | ASHLEY EDDARDS, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Heritage Manor Streator, Appellee). |
| District & No. | Third District, Workers' Compensation Commission Division<br>Docket No. 3-15-0757WC |
| Filed | September 28, 2017 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 14-MR-239; the Hon. Joseph P. Hettel, Judge, presiding. |
| Judgment | Circuit court judgment reversed; decision of the Commission vacated, and arbitrator's corrected decision reinstated. |
| Counsel on Appeal | Emmanuel F. Guyon, of Streator, for appellant.<br><br>Peter A. Donahue, of Ripes, Nelson, Baggot & Kalobratsos, P.C., of Itasca, for appellee. |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justices Hoffman, Harris, and Moore concurred in the judgment and opinion. |

**OPINION**

¶ 1        Claimant, Ashley Eddards, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2010)) for an injury she allegedly sustained to her right shoulder on November 21, 2010, while working for respondent, Heritage Manor Streator. Following a hearing, the arbitrator found that claimant sustained an injury arising out of and in the course of her employment with respondent and that her present condition of ill-being was causally related to the injury. The arbitrator awarded claimant temporary total disability (TTD) benefits, permanent partial disability (PPD) benefits, and medical expenses. Thereafter, respondent filed a timely motion pursuant to section 19(f) of the Act (820 ILCS 305/19(f) (West 2012)) to recall the arbitrator's decision to correct a clerical error. The arbitrator issued a corrected decision, and respondent filed a petition for review.

¶ 2        The Illinois Workers' Compensation Commission (Commission) reversed the decision of the arbitrator, finding that claimant failed to sustain her burden of proving that her injury arose out of and in the course of her employment with respondent. On judicial review, the circuit court of La Salle County confirmed the Commission's decision. Thereafter, claimant filed a notice of appeal. On appeal, claimant argues that respondent failed to properly perfect review of the arbitrator's decision before the Commission by seeking review of the arbitrator's original decision rather than the corrected decision. Alternatively, claimant argues that the Commission's finding that she failed to prove that she sustained an injury arising out of and in the course of her employment was against the manifest weight of the evidence. We agree with claimant's first contention. Accordingly, we reverse the judgment of the circuit court, vacate the decision of the Commission, and reinstate the corrected decision of the arbitrator.

¶ 3                                                    I. BACKGROUND
¶ 4        On January 31, 2011, claimant filed an application for adjustment of claim seeking workers' compensation benefits for an injury she suffered to her right shoulder on November 21, 2010, which she alleged arose out of and in the course of her employment with respondent. The claim proceeded to arbitration on May 8, 2013. The arbitrator issued a decision on August 29, 2013, finding that claimant's injury arose out of and in the course of her employment and that claimant's current condition of ill-being was causally related to the injury. The arbitrator awarded claimant TTD benefits of $286 per week for 6 weeks (see 820 ILCS 305/8(b) (West 2010)) and PPD benefits of $286 per week for 63.25 weeks (representing 12.65% loss of the person as a whole) (see 820 ILCS 305/8(d)(2) (West 2010)). Additionally, the arbitrator ordered respondent to pay "reasonable and necessary medical services of $34,177.75, subject to the lien claim of the State of Illinois for expenses advanced, as provided in Section [*sic*] 8(a) and 8.2 of the Act [(820 ILCS 305/8(a), 8.2 (West 2010))]."

¶ 5        Respondent received the arbitrator's decision on September 13, 2013. On September 26, 2013, respondent filed a motion pursuant to section 19(f) of the Act (820 ILCS 305/19(f) (West 2012)) to recall the arbitrator's decision to correct a clerical error. Specifically, respondent requested a recall of the arbitrator's decision and a clarification regarding the amount of medical expenses payable. Respondent asserted that the language of the arbitrator's decision regarding the award of medical bills was confusing as to the amount payable by respondent under the award. Respondent maintained that the amount of medical expenses payable under the award was $5163.20, the total amount paid by the Illinois Department of Public Aid, as the

remaining charges were adjusted by the medical providers. On October 7, 2013, the arbitrator granted respondent's request for recall under section 19(f) of the Act (820 ILCS 305/19(f) (West 2012)). On October 9, 2013, the arbitrator issued a corrected decision. The corrected decision ordered respondent to pay "reasonable and necessary medical services of $5,163.20, as provided in Section [*sic*] 8(a) and 8.2 of the Act [(820 ILCS 305/8(a), 8.2 (West 2012))]." On November 5, 2013, respondent filed a petition for review of the arbitrator's decision. The petition requested the Commission "to review the arbitration decision for this case filed on 8-29-13 and received on 9-13-13."

¶ 6        On August 20, 2014, the Commission entered an order reversing the arbitrator's decision. The Commission determined that claimant failed to prove that she sustained an injury arising out of and in the course of her employment with respondent. Thereafter, claimant sought judicial review. The circuit court of La Salle County confirmed the decision of the Commission. This appeal ensued.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, claimant argues that the Commission lacked jurisdiction over this matter because respondent failed to properly perfect review of the arbitrator's decision before the Commission by seeking review of the arbitrator's original decision rather than the corrected decision.[1] Alternatively, claimant argues that the Commission's finding that she failed to prove that she sustained injuries arising out of and in the course of her employment with respondent was against the manifest weight of the evidence. Respondent contends that the Commission properly exercised jurisdiction over this case because it (respondent) filed a timely petition for review after it received the arbitrator's corrected decision. On the merits, respondent argues that the Commission's decision must be affirmed because the Commission's finding that claimant failed to prove that she sustained an injury arising out of and in the course of her employment with respondent was not against the manifest weight of the evidence.

¶ 9        Initially, we note that although claimant raises the jurisdictional issue for the first time before this court, we may address the matter, for the lack of subject-matter jurisdiction may be raised at any time. *Millennium Knickerbocker Hotel v. Illinois Workers' Compensation Comm'n*, 2017 IL App (1st) 161027WC, ¶ 17; *Jones v. Industrial Comm'n*, 335 Ill. App. 3d 340, 343 (2002); *Campbell v. White*, 187 Ill. App. 3d 492, 504 (1989).

¶ 10        "While Illinois courts are courts of general jurisdiction and are presumed to have subject-matter jurisdiction, this presumption does not apply to workers' compensation proceedings." *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499, 502 (2007); *Sprinkman & Sons Corp. of Illinois v. Industrial Comm'n*, 160 Ill. App. 3d 599, 601 (1987). Rather, on appeal from a decision of the Commission, the circuit court obtains subject-matter jurisdiction only if the appellant complies with the statutorily mandated procedures set forth in the Act. See *Residential Carpentry, Inc.*, 377 Ill. App. 3d at 502. "[T]o vest the courts with

_____

[1]Prior to briefing, claimant filed a "Petition to Dismiss the Appeal to the Appellate Court and Petition to Adopt the Arbitrator's Decision Awarding Benefits." We entered an order taking the motion with the case, allowing the parties to address the jurisdictional issue in their respective briefs. Because the parties address their respective positions in their briefs, and we decide the issue in this disposition, we now deny the petition as moot.

- 3 -

jurisdiction to review Commission decisions, strict compliance with the provisions of the Act is necessary and must affirmatively appear in the record." *Illinois State Treasurer v. Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 15; see also *PPG Industries, Inc. v. Industrial Comm'n*, 91 Ill. 2d 438, 442-43 (1982) (requiring strict compliance with provisions of the Act related to review of the arbitrator's decision); *Northwestern Steel & Wire Co. v. Industrial Comm'n*, 37 Ill. 2d 112, 115 (1967) (noting that the right of review of the arbitrator's decision is entirely statutory and that the procedural steps with respect to perfecting this right must be followed strictly).

¶ 11        Under the Act, an arbitrator's decision becomes the final decision of the Commission unless a petition for review is filed by either party within 30 days after the receipt of the arbitrator's decision. 820 ILCS 305/19(b) (West 2012). Further, section 19(f) of the Act provides in relevant part as follows:

> "[T]he Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for review herein specified shall begin to run from the date of the receipt of the corrected award or decision." 820 ILCS 305/19(f) (West 2012).

Thus, where an arbitrator corrects a decision upon a motion for recall, a party must file a petition for review within 30 days after the receipt of the arbitrator's corrected decision. 820 ILCS 305/19(b), 19(f) (West 2012); *Residential Carpentry, Inc.*, 377 Ill. App. 3d at 503 (noting that where a correction is made pursuant to section 19(f) of the Act, the time for review begins to run from the date of the receipt of the corrected award); *Campbell-Peterson v. Industrial Comm'n*, 305 Ill. App. 3d 80, 84 (1999) (same). If the party fails to file the petition for review within the specified time, the arbitrator's decision "shall become the decision of the Commission and in the absence of fraud shall be conclusive." 820 ILCS 305/19(b) (West 2012); *Garcia v. Industrial Comm'n*, 95 Ill. 2d 467, 469 (1983) ("Since neither [the employee] nor her employer filed a petition for review of the corrected decision, it became the decision of the Commission without review and is 'conclusive' of the dispute between the parties."); *Smalley Steel Ring Co. v. Illinois Workers' Compensation Comm'n*, 386 Ill. App. 3d 993, 995 (2008). At issue in this case is whether respondent properly perfected review of the arbitrator's decision before the Commission.

¶ 12        Instructive to our analysis is *Campbell-Peterson*, 305 Ill. App. 3d 80. In that case, the arbitrator filed a decision on September 27, 1996, denying the employee benefits. The parties received the decision on October 22, 1996. On October 24, 1996, the employer filed a motion to correct the arbitrator's decision based on a "clerical/computer error" that omitted certain portions of the decision it received from the arbitrator concerning entitlement to TTD benefits. *Campbell-Peterson*, 305 Ill. App. 3d at 81. On October 29, 1996, the employee filed a petition for review of the arbitrator's September 27, 1996, decision. Thereafter, the arbitrator granted the employer's motion to correct, and, on January 15, 1997, the arbitrator issued a corrected decision, which the employee received on January 24, 1997. The employee did not file a petition for review with the Commission from the corrected decision. In December 1997, the Commission determined that it lacked jurisdiction over the employee's case due to his failure

to perfect review following the issuance of the arbitrator's corrected decision. Accordingly, the Commission dismissed the employee's claim.

¶ 13 On appeal, the employee argued that the corrections made to the arbitrator's original decision were technical, were not made for the purpose of correcting an error or inconsistency, did not materially affect the rights of the parties, and were made only for the purpose of providing the employer with a "clean copy" of the initial decision. Under these circumstances, the employee maintained that strict compliance with the section 19(f) requirement of filing a petition for review from a corrected decision was unnecessary and that no purpose would be frustrated in allowing his initial petition for review to stand. In rejecting the employee's position, we emphasized that strict compliance with section 19(f) is required, explaining:

> "In the instant case, the goal and purpose of section 19(f), *i.e.*, notice to the Commission and the parties, was not satisfied, considering that the Commission had not shown claimant's claim as a pending matter.
>
> Importantly, claimant acknowledged that two versions of the arbitrator's original decision were issued. When the employer realized that the original arbitrator's decision it received omitted certain portions concerning entitlement to temporary total disability benefits, it had no way of knowing which version of the arbitrator's decision was received by claimant. This inconsistency warranted correction in order to prevent confusion. Therefore, we believe that the clerical error made in issuing the arbitrator's original decision was not merely technical but, instead, was substantial.
>
> The fact that claimant filed a petition for review from the arbitrator's original decision is irrelevant. The language of section 19(f) is clear: where, as here, a correction is made for a clerical error ***, the time for review *** begins to run from the date of the receipt of the corrected award or decision. Claimant failed to comply with section 19(f) when he omitted filing a petition for review within 15 days of the arbitrator's January 15, 1997, corrected decision.
>
> In adhering to strict compliance with section 19(f), we conclude that the Commission correctly determined that it lacked jurisdiction over claimant's case due to his failure to perfect review following the issuance of the arbitrator's corrected decision, and its dismissal of claimant's claim was proper." *Campbell-Peterson*, 305 Ill. App. 3d at 84.[2]

¶ 14 More recently, in *Schulz v. Forest Preserve District*, 344 Ill. App. 3d 658 (2003), which claimant cites in support of her argument, we reinforced the notion that strict compliance with section 19(f) is required. In *Schulz*, the arbitrator filed a decision on June 29, 2001, finding that the employee sustained a compensable injury. On July 17, 2001, the employee filed a petition to recall stating that her name was misspelled in the caption of the case and requesting the error be corrected. On July 26, 2001, the employer filed a petition for review of the arbitrator's decision dated June 29, 2001. The arbitrator filed a corrected decision on July 27, 2001. The employer did not file a petition for review from the arbitrator's corrected decision. On October 11, 2001, the employee filed a motion to dismiss employer's petition for review. The Commission granted the employee's motion, finding that it lacked jurisdiction over the case

---

[2]As noted above, sections 19(b) and 19(f) now require a petition for review to be filed within 30 days after receipt of the corrected decision. See 820 ILCS 305/19(b), 19(f) (West 2012).

due to the employer's failure to file a petition for review after the arbitrator issued the corrected decision. The circuit court confirmed the Commission's decision, and the employer appealed.

¶ 15 On appeal, the employer argued that it substantially complied with section 19(f) of the Act by filing a petition for review of the arbitrator's original decision and that substantial compliance is sufficient. *Schulz*, 344 Ill. App. 3d at 660. We disagreed. Citing *Campbell-Peterson*, 305 Ill. App. 3d at 84, we held that section 19(f) requires strict compliance to perfect an appeal. *Schulz*, 344 Ill. App. 3d at 661-62. Furthermore, we determined that the goal and the purpose of the statute, *i.e.*, notice to the Commission and the parties, was not satisfied as a result of the employer's failure to file a petition for review within 30 days of the arbitrator's corrected decision. *Schulz*, 344 Ill. App. 3d at 662.

¶ 16 In the present case, respondent too failed to strictly comply with the requirements of section 19(f). Although respondent filed a petition for review within 30 days of receipt of the arbitrator's corrected decision, the petition requests review of the arbitrator's original decision. However, because the Commission issued a corrected decision, the original decision was not a final, appealable decision. See *Garcia*, 95 Ill. 2d at 469 ("The claimant's petition for review of the original decision was without effect because the issuance of the corrected decision made the original decision a nullity."); *International Harvester v. Industrial Comm'n*, 71 Ill. 2d 180, 186 (1978) (noting that where a party files a petition to correct pursuant to section 19(f) of the Act, the Commission's decision is not final until the Commission determines whether or not to correct such errors); *Residential Carpentry, Inc.*, 377 Ill. App. 3d at 503 (noting that an appeal from a decision of the Commission that is commenced prior to the resolution of a motion to correct is premature). Moreover, respondent never filed a petition requesting review of the arbitrator's *corrected* decision within the statutorily required period. Respondent's failure to file a petition for review from the arbitrator's corrected decision divested the Commission of jurisdiction to consider respondent's appeal. *Schulz*, 344 Ill. App. 3d at 661-62; *Campbell-Peterson*, 305 Ill. App. 3d at 84.

¶ 17 Respondent nevertheless maintains that the Commission had jurisdiction to review the arbitrator's decision. Respondent contends that *Schulz* is distinguishable. According to respondent, *Schulz* and the cases cited therein illustrating the requirement of strict compliance (including *Campbell-Peterson*) involved situations where no petition for review was filed within 30 days after the date of the corrected decision. Here, in contrast, respondent argues that it was "within strict compliance of Section 19 of the Act" by filing a petition for review within 30 days after the arbitrator's corrected decision. Respondent further asserts that it "substantially complied in the form of the petition for review, except for a typographical error in the dates of the decision."

¶ 18 We do not dispute that *Schulz* and *Campbell-Peterson* are factually distinguishable on the ground cited by respondent. However, the import of those cases is that the Act requires strict compliance with the requirements for filing a petition for review of the arbitrator's decision to the Commission. By requesting review of the arbitrator's original decision rather than the corrected decision, respondent has not strictly complied with the Act. Stated differently, in contravention of sections 19(b) and 19(f) of the Act (820 ILCS 305/19(b), 19(f) (West 2012)), respondent failed to seek review of the arbitrator's *corrected* decision within 30 days after the date of that decision. Moreover, we disagree with respondent's characterization of the error as a mere "typographical error."

¶ 19        A "typographical error" or "scrivener's error" has been defined as "a clerical error resulting from a minor mistake or inadvertence when writing or when copying something on the record, including typing an incorrect number." *In re Marriage of Crecos*, 2015 IL App (1st) 132756, ¶ 17. Thus, in *Crecos*, the appellant's notice of appeal sought review of orders entered September 24, 2013, and July 27, 2013. However, no orders were actually entered on either of those dates, and the notice of appeal should have referenced the dates of September 24, *2012*, and July *26*, 2013. The *Crecos* court found that the incorrect dates on the notice of appeal constituted a mere scrivener's error and did not create a fatal defect. *Crecos*, 2015 IL App (1st) 132756, ¶ 17. Similarly, in *Shafer v. Illinois Workers' Compensation Comm'n*, 2011 IL App (4th) 100505WC, a case cited by respondent, the employer sought review of the arbitrator's decision in two cases. The petition for review incorrectly identified one of the case numbers as 07-WC-*4*6127, instead of 07-WC-*5*6127. This court concluded that the Commission had jurisdiction to address the appeal because the incorrect case number constituted a "clerical, typographical error" consisting of "one incorrect digit in the second case number." *Shafer*, 2011 IL App (4th) 100505WC, ¶ 31. While acknowledging that the Act requires strict compliance with the statute conferring jurisdiction upon the Commission, we also pointed out that the Act did not prescribe any specific requirements regarding the form of a petition for review and the petition for review at issue did not involve the failure to comply with a specific, express statutory requirement for review. *Shafer*, 2011 IL App (4th) 100505WC, ¶ 32.

¶ 20        Here, in contrast, the date on respondent's petition for review does not consist merely of an error in "form" or a "scrivener's error" such as one incorrect number in the year or day of the order being appealed. Rather, it references a nonfinal order entered on an entirely different date. More significant, section 19(f) expressly provides that, where the arbitrator issues a corrected decision, the time for review "shall begin to run from the date of the receipt of the corrected award or decision." 820 ILCS 305/19(f) (West 2012). Thus, unlike *Shafer*, respondent failed to comply with a specific, express statutory requirement for review. Under these circumstances, we cannot characterize the alleged error as "a minor mistake or inadvertence when writing or when copying something on the record."

¶ 21        Respondent asserts that to reverse the decision of the Commission because of a "technicality" would put form over substance and violate the spirit of the law that the Act should be liberally construed. As noted above, however, the error in this case was more than a scrivener's error and to allow it to stand would ignore not only the requirement that the Act be strictly construed but the express language of section 19(f) of the Act (820 ILCS 305/19(f) (West 2012)) as well. Respondent also asserts that the goal and purpose of the statute, *i.e.*, notice to the Commission and the parties, was satisfied. However, given that the petition for review references the date of the arbitrator's original decision instead of the date of the arbitrator's corrected decision, we cannot say that the petition for review adequately notified the opposing party and the Commission regarding which decision was being appealed. See *Schulz*, 344 Ill. App. 3d at 662; *Campbell-Peterson*, 305 Ill. App. 3d at 84.

¶ 22        In short, respondent failed to file a petition for review to the Commission within 30 days after the arbitrator issued his corrected decision. As a result, the Commission lacked jurisdiction to consider respondent's petition for review and the arbitrator's corrected decision became the decision of the Commission. Accordingly, we reverse the judgment of the circuit court, vacate the decision of the Commission, and reinstate the corrected decision of the

arbitrator. See *Garcia*, 95 Ill. 2d at 469 (noting that since the Commission was without jurisdiction to review the corrected decision, the circuit court also lacked jurisdiction).

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons set forth above, we reverse the judgment of the circuit court of La Salle County, vacate the decision of the Commission, and reinstate the corrected decision of the arbitrator.

¶ 25    Circuit court judgment reversed; decision of the Commission vacated, and arbitrator's corrected decision reinstated.